## DISTRICT OF COLUMBIA v. NASH et al.

Court of Appeals of District of Columbia.
Submitted May 2, 1927. Decided
May 26, 1927.

No. 4533.

District of Columbia ⬤⟞20—Information charging use of dwelling on alley held insufficient to charge offense under Alley Dwelling Law (Act Sept. 25, 1914 [38 Stat. 716]).

Under Alley Dwelling Law (38 Stat. 716), declaring it unlawful to erect any dwelling fronting on an alley "less than 30 feet wide throughout the entire length and which does not run straight to and open on two streets bordering the square, and is not supplied with sewer, water mains, and gas or electric light," and information charging defendant with using as a dwelling a building on an alley less than 30 feet wide, which "does not run straight to and open on two streets bordering on the square, and said building not being supplied with gas or electric lights," held not to charge an offense, inasmuch as statute does not undertake to prohibit, under any circumstances, habitation of dwelling houses fronting on alley, and does not require the dwelling, but the alley, to be lighted by gas or electricity.

In Error to the Police Court of the District of Columbia.

Franklin P. Nash and others were charged by information with violation of the Alley Dwelling Law, and to review the action of the court in quashing information the District of Columbia brings error. Judgment affirmed.

F. H. Stephens and E. W. Thomas, both of Washington, D. C., for plaintiff in error.

C. T. Clayton, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on writ of error to the police court of the District of Columbia to review the action of that court in quashing a criminal information charging a violation of the Act of Congress of September 25, 1914, 38 Stat. 716, known as the Alley Dwelling Law.

The information charges the defendant with using "as a dwelling or residence or place of abode a certain building known as 239 Bassett's alley, and designated on the records of the surveyor of the District of Columbia as lot 809 in square 757, said building being then and there erected or placed on or along an alley which is less than 30 feet wide throughout its entire length, and which does not run straight to and open on two of the streets bordering the square, and

said building being not supplied with gas or electric lights, as is more specifically set out in the agreed statement of facts hereto attached and made a part thereof, contrary to and in violation of an act of Congress in such case made and provided, and constituting a law of the District of Columbia."

The act, so far as it pertains to the present case, provides that "it shall be unlawful in the District of Columbia to erect, place, or construct any dwelling on any lot or parcel of ground fronting on an alley where such alley is less than 30 feet wide throughout its entire length and which does not run straight to and open on two of the streets bordering the square, and is not supplied with sewer, water mains, and gas or electric light; and in this act, the term 'alley' shall include any and all courts, passages and thoroughfares, whether public or private, and any ground intended for or used as a highway other than the public streets or avenues; and any dwelling house now fronting an alley less than 30 feet wide and not extending straight to the streets and provided with sewer, water main, and light, as aforesaid, which has depreciated or been damaged more than one-half its original value, shall not be repaired or reconstructed as a dwelling or for use as such, and no permit shall be issued for the alteration, repair, or reconstruction of such a building, when the plans indicate any provision for dwelling purposes. * * * Any such alley house depreciated or damaged more than one-half of its original value shall be condemned as provided by law for the removal of dangerous or unsafe buildings and parts thereof, and for other purposes."

In the agreed statement of facts it is stipulated, among other things, that "said building is erected or placed on or along said alley [the alley described in the information], which is less than 30 feet wide throughout its entire length and does not run straight to and open on two of the streets bordering the square. The alley is supplied with sewer, water main, and gas light. The premises are connected with water and sewer, but do not have either gas or electric light."

It will be observed that the statute does not undertake to prohibit, under any circumstances, the habitation of dwelling houses fronting on an alley. It is in the nature of a building restriction, a prohibition against the future erection or repair of dwelling houses located upon an alley less than 30 feet wide, running straight, opening on two streets, and not supplied with sewer, water

mains, and gas or electric light. It also provides that, where a building has depreciated more than one-half of its original value, it shall be condemned and removed under the law.

From the agreed statement of facts it is apparent that the house here in question is a dwelling located on the alley described, which is in good repair and not subject to condemnation under the statute. The charge of the information is that the building is not supplied with gas or electric lights. There is nothing in the statute which provides that buildings located upon alleys shall be supplied either with gas or electric lights. The provision relating to the alley is that it (the alley) must be lighted either by gas or electricity. In this case it is stipulated that the alley is supplied with sewer and water mains and is lighted with gas, which complies with the requirements of the statute. It follows that upon no theory can the present information be sustained, for the reason that it does not charge an offense cognizable under the statute. The motion to quash, therefore, was properly sustained.

The judgment is affirmed, with costs.