## DISTRICT OF COLUMBIA v. LOCKWOOD et al.

Court of Appeals of District of Columbia.

Submitted May 2, 1927. Decided May 26, 1927.

No. 4534.

District of Columbia ⬄20—Information charging use of dwelling on alley not running straight to and opening on two streets held to state no offense (Alley Dwelling Law).

Under Alley Dwelling Law (38 Stat. 716), declaring it unlawful to erect any dwelling fronting on an alley "less than thirty feet wide throughout its entire length and which does not run straight to and open on two of the streets bordering the square, and is not supplied with sewer, water mains, and gas or electric light," information charging use as a dwelling of a building on an alley "which does not run straight to and open on two streets bordering the square," though otherwise supplied with water, sewer, and light, required by statute, *held* not to state an offense; use of dwelling under all circumstances not being prohibited.

In Error to the Police Court of the District of Columbia.

Charlotte E. Lockwood and others were charged with violation of the Alley Dwelling Law (Act Cong. Sept. 25, 1914, 38 Stat. 716),

and to review a judgment quashing the information the District of Columbia brings error. Affirmed.

F. H. Stephens and E. W. Thomas, both of Washington, D. C., for plaintiff in error.

R. A. Cusick, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an information similar to the one in District of Columbia v. Nash et al. (No. 4533) 57 App. D. C. ——, 20 F.(2d) 285, this day decided, excepting that the building in this instance is located on an alley "which does not run straight to and open on two streets bordering the square." In other words, it is situated on a crooked alley, containing all the dimensions and conditions as to water, sewer, and light, specified in the former case.

For the reasons stated in the opinion in the Nash Case, the judgment is affirmed.